**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**CHRISTOPHER TODD BENTON,**

    **Plaintiff,**

**vs.**                                                   **CASE NO. 5:04CV42-SPM/AK**

**J.A. PETERS, et al,,**

    **Defendants.**

    _____/

**REPORT AND RECOMMENDATION**

    Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 alleging that Defendants J. A. Peters and Cynthia Davis violated his due process rights relative to a disciplinary proceeding. (Doc. 1). Defendants have filed a special report, which has been construed as a motion for summary judgment (doc. 20), to which Plaintiff has responded. (Doc. 25).

**I.    Allegations of the complaint (doc. 1)**

    Plaintiff claims that on the morning of May 11, 2003, while he was housed at Holmes Correctional Institution, he was awakened by Sgt. Hudson and Sgt. Coffey, of the Inspector General's Office, because a dog with the K-9 drug enforcement unit had

"alerted" at his cell.  Plaintiff and his cell mate were removed to the showers while the cell was searched.  Allegedly Coffey asked Plaintiff if he had anymore marijuana residue, and when Plaintiff denied having any narcotics he was handcuffed and sent to administrative confinement.  Plaintiff alleges that while he was in medical for a pre-confinement examination, another officer named Durrance asked him about the marijuana he had back in his locker.

On May 12, 2003, Plaintiff was served a disciplinary report for possession of narcotics, which stated that Thor, the drug dog, alerted on a folded piece of paper in the bottom of Plaintiff's locker that had black specks on it and was suspected to be narcotic residue.  Plaintiff states that this tested positive for THC in a field test.  He states that the DR is incorrect when it states that he said they may find some residue in his locker.  Plaintiff claims that he provided a witness statement denying that he said this to the investigation team, and requested that he be allowed to send the paper to a laboratory for testing at his expense.  This request was allegedly denied by Defendant Peters and Davis, who comprised his disciplinary team.  He was found guilty and sentenced to 45 days confinement and loss of 90 days gain time.

Attached to the complaint are several exhibits.  The disciplinary report issued on May 11, 2003 states:

> On Sunday, May 11, 2003, at approximately 2:25 a.m., while assigned as F-Dormitory housing sergeant, I assisted Sergeant Coffey, of the Inspector General's Office, search Wing One and Wing Two of H-Dormitory with the narcotic K-9 Thor.  Thor alerted on the door of Cell 3211.  Inmate Benton, Christopher (752585) and Inmate Simpson, Curtis (U07307) were removed from the cell and the cell was searched by Thor.  Thor alerted on the locker of Inmate Benton and also on his bunk.  Thor alerted on a folded piece of paper in the bottom of Inmate Benton's locker.  Sgt. Coffey

**No. 5:04cv42-spm/ak**

> unfolded the paper and we observed black specks on the paper, which Sgt. Coffey suspected of being narcotic residue. Sgt. Coffey performed a field narcotic test on a small piece of the paper with the black residue and the sample tested positive for T.H.C. The shift commander was notified for appropriate action. Inmate Benton stated to Captain Durrance, "I know they didn't find any marijuana, but they might have found some residue." Inmate Benton was placed in administrative confinement pending the charge of 3-3 possession of unauthorized drugs.
> (Exhibit A).

Plaintiff's witness statement, taken on May 11, 2003, was:

> I wish to have this piece of paper forwarded for lab testing at my own expense. The statement to Capt. Durance is miss quoted. The statement was "I know they didn't find any drugs in my locker cause I was told residue was found." This statement was in regards to Capt. Durance stating marijuana was found in my locker. Just for the sake of argument how do you determing when residue is narcotics? I will be expecting this paper and the field test to be present at my D.R. hearing. (Exhibit B).

The Disciplinary Report Hearing Information states that Plaintiff was present, he pled not guilty, but was found guilty, and the team chairman was Defendant J.A. Peters, and the team member was Cynthia Davis. The decision was based on the report (quoted above) made by Sgt. Hudson, and Plaintiff was given disciplinary confinement of 45 days with 90 days loss of gain time. (Exhibit C).

Plaintiff filed a formal grievance on May 28, 2003, stating that he was denied evidence at his hearing, specifically the paper containing the residue was not at the hearing. (Exhibit D). Plaintiff further stated that he wanted the hearing postponed while he had the paper lab tested, which would have revealed that it was not T.H.C.

The response was:

> Your claim that you were denied the right to have physical or documentary evidence presented at the Disciplinary report hearing is unsupported. Due process does not require the production of all physical evidence in prison disciplinary proceedings. The information furnished through the

**No. 5:04cv42-spm/ak**

>investigation revealed that a field narcotic test was performed on a piece of paper containing black residue and tested positive for T.H.C. A photocopy of the evidence was produced at the hearing. It was not necessary for the folded piece of paper found in the bottom of your locker to be presented at the hearing in order to determine the nature or the identity of the evidence being disputed. Per witness statement of Captain Durrance, you stated, " I know they didn't find any marijuana, but they might have found some residue." Based on the accurate results of the narcotic test performed, it was not determined relevant to have a lab test performed. There is no sufficient basis for voiding the Disciplinary Report.

Plaintiff appealed the denial of his formal grievance denying that he made the statement to Captain Durrance, but admits that this is irrelevant to his grievance, which concerns the denial of presenting physical evidence. He claims that the photocopy of the evidence was not present at the hearing either, and a field test is not accurate proof of the presence of a narcotic. The appeal was denied. (Exhibit E).

Plaintiff apparently filed another formal grievance (exhibit f) and appeal (exhibit G) on the same grounds, which were denied on the same bases.

Plaintiff filed another formal grievance alleging that his witness statement was not read into the records and the statements of other witnesses were not obtained. (Exhibit H).

The response to this grievance was as follows:

>Your claim that the Disciplinary Report Team failed to process the Disciplinary Report hearing in accordance with Chapter 33-601.307 is unsupported. The Disciplinary Report Team was contacted on 6/5/03 in reference to your aforementioned claim, and the team stated that each witness statement was read during the Disciplinary Report hearing and information furnished through the investigation to include a photo copy of the evidence and narcotic testing was considered in reaching the team's finding of guilt. The Disciplinary Report Team conducted the hearing in accordance with Chapter 33-601.307. There is no sufficient basis for voiding the Disciplinary Report. (Exhibit H).

**No. 5:04cv42-spm/ak**

Plaintiff appeal the denial of his formal grievance, which was also denied. (Exhibit I).

## II.  Standard of Review

On a motion for summary judgment Defendant has the burden to demonstrate an absence of evidence to support the nonmoving party's case. <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2553-54, 91 L. Ed. 2d 265 (1986). If he does so, the burden shifts to Plaintiff to come forward with evidentiary material demonstrating a genuine issue of fact for trial. *Id.* Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, <u>Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation</u>, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient. There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof. <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). However, "the evidence and inferences drawn from the evidence are viewed in the light most favorable to the nonmoving party, and all reasonable doubts are resolved in his favor." <u>WSB-TV v. Lee</u>, 842 F.2d 1266, 1270 (11th Cir. 1988).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " <u>Owen v. Wille</u>, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* <u>Celotex</u>, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)). The nonmoving party need not produce evidence in a form that would be admissible as Rule

**No. 5:04cv42-spm/ak**

56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c). <u>Owen v. Wille</u>, 117 F.3d at 1236; <u>Celotex</u>, 477 U.S. at 324, 106 S. Ct. at 2553.

### III.  Defendants Rule 56(e) evidence

  a)  <u>Disciplinary Report and Charges (Exhibit A)</u>

The report is the same document attached to the complaint and set forth above. Plaintiff was also provided with notice of the hearing format, which specifically provided that he would be allowed to present evidence, including inmate witness statements.

  b)  <u>Report of Administrative Confinement (Exhibit B)</u>

Plaintiff was placed in administrative confinement pending the hearing on his disciplinary report.

  c)  <u>Reporting Officers Statement (Exhibit C)</u>

Officer Hudson made the report, which was approved by Captain Durrance.

  d)  <u>Inspection report (Exhibit D)</u>

The confinement cell was inspected prior to placing Plaintiff in there and found to be satisfactory.

  e)  <u>Investigative Report (Exhibit E)</u>

The report shows that Officer Hudson was interviewed and stood by his report. Sgt. Coffey and Captain Durrance made statements, as well as Inmate Curtis Simpson. Attached to the report is a photocopy of what appears to be folded piece of paper with a spot on it.

**No. 5:04cv42-spm/ak**

f)    Benton's statement (Exhibit F)

This is the same statement attached to the complaint. (See Doc. 1, Exhibit B).

g)    Witness Disposition form (Exhibit G)

This form is signed by Plaintiff and indicates that he wants no witnesses at the hearing. Witness statements are noted, which include his own, that of Sgt. Coffey, Inmate Curtis Simpson, and Captain Durrance.

h).   Sgt. Coffey's statement (Exhibit H)

Sgt. Coffey conducted the search with Sgt. Hudson and corroborated Hudson's account that the drug dog alerted to Benton's locker where a piece of paper was found with drug residue which field tested positive for THC.

i)    Inmate Simpson's statement (Exhibit I)

Inmate Simpson stated that he had been Plaintiff's cell mate for 12 months and all he (the plaintiff) did was play handball and do law work. Simpson did not believe Plaintiff did drugs.

j)    Capt. Durrance's statement (Exhibit J)

Captain Durrance repeated the statement he says Plaintiff made admitting that they might find residue in his cell.

k)    Hearing Information form (Exhibit K)

This is the same form attached to the complaint. (See Doc. 1, Exhibit C).

l)    Daily Record of Segregation (Exhibit L)

This form shows that Plaintiff was segregated in administrative confinement on May 11, 2003, and that this confinement was changed to disciplinary confinement on

**No. 5:04cv42-spm/ak**

May 21, 2003, and he was released on June 30, 2003. His physical appearance was good during this time, and he exhibited a fair attitude during his confinement.

    m)    <u>Grievances (Exhibit M)</u>

This grievance is not attached to the complaint and is dated May 28, 2003. It raises issues regarding the sufficiency of the evidence against him at the hearing and the failure of the hearing to conform to administrative procedures.

The response was dated June 11, 2003, and stated:

> The Disciplinary Report Team, in accordance with Chapter 33-601.307, found you guilty based on the information furnished through the investigation to include the search by K-9 Thor, the alert of Thor on your bunk and locker, the finding of a folded piece of paper found in the bottom of your locker that obtained [sic] residue of black specks suspected of being narcotic, a narcotic test being performed which resulted in a positive test for T.H.C., and witness statements.

This grievance was appealed and the appeal denied.

    n)    <u>Grievances (Exhibit N)</u>

These are the same grievances attached to the complaint. (<u>See</u> Doc. 1, Exhibit F through G).

    o)    <u>Grievances (Exhibit O)</u>

These are the same grievances attached to the complaint. (<u>See</u> Doc. 1, Exhibit H through I).

    p)    <u>Grievances (Exhibit P)</u>

These are the same grievances attached to the complaint. (<u>See</u> Doc. 1, Exhibit D through E).

**No. 5:04cv42-spm/ak**

q)      Petition for Writ of Mandamus (Exhibit Q)

Plaintiff filed this petition in the Second Judicial Circuit for Leon County on August 18, 2003. The petition is based on the same facts and alleges identical claims.

r)      Order of Dismissal (Exhibit R)

The above noted petition was dismissed without prejudice for lack of jurisdiction, the Court found that it should be treated as a collateral criminal proceeding and filed in the sentencing court because it concerned a loss of gain time.

s)      Petition for Rehearing (Exhibit S)

Plaintiff petitioned for rehearing and it was denied.

t)      Osterback v. Ingram, et al (Exhibit T)

The Eleventh Circuit Court of Appeals has held that under 42 U.S.C. §1997e(e) a due process claim for compensatory and punitive damages is precluded where no physical injury accompanies the violation.

## IV.    Plaintiff's Rule 56(e) evidence (Doc. 25).

Plaintiff has provided the following non-cumulative evidence:

a)      Motion for Reinstatement (Exhibit J)

Plaintiff has provided a copy of a motion, which is not date stamped as filed in the Second Judicial Circuit Court for Leon County. The certificate of service is dated August 4, 2004, and seeks to have the state court transfer his cause rather than dismiss it based on Burgess v. Crosby, 870 So.2d 217 (Fla. 1st DCA 2004). Attached to the motion is an Order to Transfer filed in a separate cause, Johnson v. Crosby, Case No.

**No. 5:04cv42-spm/ak**

2004 CA 001394, wherein the circuit court interpreted <u>Burgess</u> to require it to transfer such a cause to the sentencing court rather than dismiss it.

    b)    <u>A copy of page 7c of the complaint (Exhibit K)</u>

Plaintiff states: "At no time during the time frames set forth above has the Plaintiff suffered any mental and/or emotional injury at the hands of the Defendants."

    c)    <u>Notice of Visitation Suspension (Exhibit M)</u>

This notice advises Plaintiff that his visiting privileges will be suspended for 24 months because he was found guilty of possession of narcotics. The notice is dated July 17, 2003.

    d)    <u>Inmate Request (Exhibit N)</u>

Plaintiff requested that his visiting privileges be reinstated on July 19, 2004, and the Warden granted it.

    e)    <u>Affidavit of Plaintiff (Exhibit O)</u>

In an unsworn affidavit, Plaintiff states that he told the investigating officer who he wanted as a witness and he was told that person would be interviewed anyway. Plaintiff denies that he made any statement admitting to possession of narcotics. He states that he requested a postponement of the hearing so that he could have the residue lab tested, but this request was denied. He claims that no statements were read at the hearing and the paper with the residue was not presented at the hearing. Attached to his affidavit are policy sections concerning disciplinary hearings.

**No. 5:04cv42-spm/ak**

## VI. Analysis

a) <u>Failure to allege injury</u>

Defendants assert that Plaintiff has failed to allege any injury resulting from the alleged constitutional violation, and he is therefore precluded from monetary relief pursuant to 42 U.S.C. §1997e(e).

Plaintiff admits that he suffered no mental or emotional injury from the actions or inactions of the Defendants. (Doc. 1, p. 7c). Plaintiff seems to argue that the loss of his visitation privileges was an atypical injury under <u>Sandin v. Conner</u>, 515 U.S. 472 (1995). However, case law from the Eleventh Circuit establishes that "inmates do not have an absolute right to visitation, such privileges being subject to the prison authorities' discretion provided that the visitation policies meet legitimate penological objectives." <u>Caraballo-Sandoval v. Honsted</u>, 35 F.3d 521, 525 (11th Cir. 1994). Plaintiff's visitation privilege was revoked as a direct result of his disciplinary report, and it is clearly within the prison's discretion to revoke such privilege as punishment or to deter further passing of narcotics.

Further, section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Despite the wording of § 1997e(e), that "[n]o Federal civil *action* may be *brought*," this circuit has established that the statute limits relief, not causes of action. If there is no physical injury alleged, then mental or emotional monetary damages, as well as punitive damages, cannot be recovered, but declaratory and injunctive relief may be

**No. 5:04cv42-spm/ak**

available. Harris v. Garner, 216 F.3d 970 (11th Cir. 2000), *reinstating in part* 190 F.3d 1279 (11th Cir. 1999) and Osterback v. Ingram, et al., No. 00-10558, 263 F.3d 169 (11th Cir. 2001) (Table).  215 F.3d at 1230.  Nominal damages may still be recovered even though there are no compensable damages.  Slicker v. Jackson, 215 F.3d at 1231, *citing* Carey v. Piphus, 435 U.S. 247, 266, 98 S.Ct. at 1054.  Plaintiff seeks as relief: "All costs incurred in bringing this action; nominal damages; punitive damages in an amount of not less than $25,000. Punitive damages are sought solely for the purpose of punishing the Defendant's [sic] for their actions and to deter similar behavior from others."  Thus, Plaintiff's claim for punitive damages against Defendant must be dismissed, leaving only his claim for nominal damages and costs.

  b)  <u>Failure to state a claim</u>

  Defendants assert that Plaintiff's claims are foreclosed by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), because he has failed to show that the disciplinary action at issue was reversed, expunged or otherwise declared invalid.  However, Plaintiff does not seek restoration of the gain time lost as a result of this disciplinary proceeding nor does he expressly challenge the validity of the disciplinary action.  See  Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) (attacking the length of a period of incarceration by seeking the restoration of gaintime is an attack on the length of confinement which is a *habeas corpus* claim and may only be litigated through the filing of a habeas petition under 28 U.S.C. § 2254).  Plaintiff directly and expressly raises procedural errors with regard to the disciplinary proceedings, and these issues may be brought in a 1983 action.  Heck,

**No. 5:04cv42-spm/ak**

512 U.S. at 483; Edwards v. Balisok, 520 U.S. 641, 117 S.Ct 1584, 137 L.Ed.2d 906 (1997). The Eleventh Circuit has interpreted Balisok to foreclose all claims challenging a disciplinary proceeding unless they were "purely procedural, as in Wolff...." Harden v. Pataki, 320 F.3d 1289, 1295 n.9 (11th Cir. 2003).

The procedural requirements for a disciplinary hearing are three-fold: (1) advance written notice; (2) a written statement of the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present evidence. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 2974, 41 L.Ed. 2d 935 (1974); Young v. Jones, 37 F.3d 1457, 1459-60 (11th Cir. 1994); Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999).

Plaintiff does not contend that he did not receive advance notice or a written statement for the disciplinary action. Plaintiff takes issue with the third Wolff requirement, *i.e.* that he was denied witnesses and evidence. Specifically, Plaintiff contends that he requested witnesses, but they were not present at the hearing, and the physical evidence against him, the paper with the residue, was not at the hearing nor was he allowed to have this residue lab tested as opposed to field tested.

The Court finds that Plaintiff has failed to carry his burden of proof demonstrating a genuine issue of fact for trial, *i.e.* that a jury could reasonably return a verdict in his favor. See Anderson v. Liberty Lobby, 477 U.S. at 251.

The proof before the Court is that Plaintiff signed a statement that he did not want witnesses at the hearing. (Doc. 1, Exhibit G). The signature on the form matches the signature on Plaintiff's complaint. Plaintiff does not deny that he signed this form.

**No. 5:04cv42-spm/ak**

Further, several "relevant" witnesses' statements were taken during the investigation (doc. 20, Exhibit E) and read at the hearing. (Doc. 20, Exhibit O). One of these statements was that of Plaintiff's cell mate, Curtis Simpson. (Doc. 20, Exhibit I). Plaintiff has not offered the name of the witness he contends was not present or whose statement was not read nor has he offered what that witness would have said that might have influenced the outcome of the proceeding. According to Plaintiff's version of the incident there was only one other witness to the events, besides the officers conducting the search, and that was his cell mate, Curtis Simpson. Plaintiff does not mention any other person being involved in this incident, and the statements of the officers *and* Simpson were obtained during the investigation and, according to the disciplinary team, read at the hearing. The fact that Plaintiff has not named a person, whose statement was crucial and who was not present at the hearing or whose statement was not obtained, strongly undermines his claim that this evidence was denied him.

Plaintiff argues that he did not make the statement Captain Durrance contends that he did, admitting to the possibility of residue in his cell, and that his statement to this effect was not read at the hearing. First, the disciplinary team stated that all the statements, including his own, were read at the hearing. Second, Plaintiff was present at the hearing such that even if his statement was not read at the hearing, he was there and could have made the retraction in person. Finally, even without this admission, the drug dog alerted to his bunk and locker, residue was obtained from his locker and field tested for THC, thus, there was sufficient evidence to find him guilty of the charge whether or not this admission was considered.

**No. 5:04cv42-spm/ak**

Plaintiff contends that Wolff requires that the evidence be listed in the Basis of Decision (exhibit C), and the witness statements were not listed. As set forth above, this is not a requirement for due process. Plaintiff claims that the disciplinary report should be dismissed for failing to list the evidence as required by Fla. Admin. Code 33-601.304(2)(F). This Court is not concerned with administrative code violations.

"To state a claim under § 1983, a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States." Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985); Dollar v. Haralson County, 704 F.2d 1540, 1542-43 (11th Cir.), cert. denied, 464 U.S. 963, 104 S. Ct. 399, 78 L. Ed. 2d 341 (1983). In other words, Plaintiff must allege that Defendant "deprived him of a right secured by the 'Constitution and laws' of the United States" and that the Defendant did so "under color of any statute, ordinance, regulation custom, or usage of any State. . . ." Fadjo v. Coon, 633 F.2d 1172, 1174-1175 (5th Cir. 1981), *quoting* Adickes v. S. H. Kress & Co., 398 U.S. 144, 150, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970); *see* Paisey v. Vitale In and For Broward Co., 807 F.2d 889, 892 (11th Cir. 1986); Lugar v. Edmondson Oil Co., 457 U.S. 922, 930, 102 S. Ct. 2744, 2750, 73 L. Ed. 2d 482 (1981); Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155, 98 S. Ct. 1729, 1732, 56 L. Ed. 2d 185 (1978). The constitutional requirements of due process are set forth in Wolff, and there is no requirement that the charge list the precise evidence as Plaintiff contends.

Plaintiff's final argument is that he should have been allowed to have the residue lab tested and that the paper itself was not presented at the hearing. First, Defendants

**No. 5:04cv42-spm/ak**

contend that a photocopy of the paper was made and presented at the hearing, and there were officers' statements presented that the paper was found in Plaintiff's locker and it tested positive for residue.  Further, Plaintiff has not alleged nor has he provided any proof that would call into doubt the reliability of the field test.  Finally, even without the field test, the drug dog "alerted" to the residue, which is also sufficient evidence to support the charge against him.  Plaintiff has not alleged nor has he offered any evidence to call into question the reliability of the drug dog.  Thus, as was stated in the responses to his grievances, a lab test was irrelevant in light of all the other evidence supporting the charge.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motion for summary judgment (doc. 20) be **GRANTED**, and Plaintiff's complaint (doc. 1) be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this 25th Day of April, 2005.

S/A Kornblum
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 5:04cv42-spm/ak**